**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**RICARDO SANCHEZ,**
      **Petitioner,**

vs.                              **5:06cv13/RS/MD**

**JOSE BARRON,**
      **Respondent.**

## REPORT AND RECOMMENDATION

This case is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1).

Petitioner reports that he was convicted after a jury trial in the United States District Court for the Southern District of New York to controlled substance offenses. He does not specify his sentence but states that he appealed and the Second Circuit Court of Appeal affirmed his judgment and conviction on December 3, 1993. He also reports that he previously filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. In this case, petitioner claims that his sentence is illegal under *United States v. Booker,* ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because his sentence exceeded the legally authorized sentence for the offenses of conviction, as found by the jury. He acknowledges that the contentions presented in this petition are foreclosed at this time, because *Booker* is not retroactively applicable on collateral review, but indicates that he wishes to preserve them in the event this changes.

In the seminal case of *Apprendi v. New Jersey*,[1] the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime

---

1  *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).

beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. *See also Ring v. Arizona*, 536 U.S. 584, 589, 122 S.Ct. 2428, 2432, 153 L.Ed.2d 556 (2002) (concluding under *Apprendi* that "[c]apital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment."). Since *Apprendi* was decided, the Supreme Court has decided two cases that relate to federal sentencing, *Blakely v. Washington*,[2] and *United States v. Booker*,[3] upon which petitioner now relies.

> As clarified in *Blakely*:
>
> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. See Ring, supra*, 536 U.S. at 602, 122 S.Ct. at 2428 ("'the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" (*quoting Apprendi, supra*, 503 U.S. at 483, 120 S.Ct. at 2348)) . . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

124 S.Ct. at 2537-38 (emphasis in original, some citations omitted); *see also In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004) (quoting *Blakely*).

In *United States v. Booker,* 125 S.Ct. 738, 160 L.Ed.2d 621, 2005 WL 50108 (2005), the Supreme Court extended its holding in *Blakely* to the Sentencing Guidelines, holding that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. It excised two parts of the Sentencing Reform Act to cure the constitutional defects: 18 U.S.C. § 3553(b)(1), which made the guidelines result binding on the sentencing court and § 3742(e), which required *de novo* review of sentences on appeal. *Id.* at 764. Although no court has yet held *Booker* to be retroactively applicable to cases on collateral review, petitioner has filed the instant petition to preserve his claim for possible future review.

---

2 ***Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).**

3 ***United States v. Booker,* ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).**

*Case No: 5:06cv13/RS/MD*

However, a petition pursuant to title 28 U.S.C. § 2241 is not the proper vehicle for raising the instant challenge. The continuation of an initially valid confinement is generally the sole issue in a §2241 action. See *Chambers v. United States*, 106 F.3d 472, 474-75 (2nd Cir.1997) (articulating instances where a federal prisoner may properly file a § 2241 petition). A collateral attack on the validity of a federal conviction and sentence, such as this, is more properly brought under 28 U.S.C. § 2255 in the district of conviction. *United States v. Jordan,* 915 F.2d 622, 629 (11th Cir. 1990), *cert. denied*, 499 U.S. 979, 111 S. Ct. 1629, 113 L.Ed.2d 725 (1991); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hadjuk v. United States*, 764 F.2d 795 (11th Cir. 1985).

Section 2255 provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section[4], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

*Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999) (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred as successive under § 2255, but only in limited circumstances.

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

---

4 Section 2255 authorizes a remedy for a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255; *see also*, *United States v. Brown*, 117 F.3d 471, 475 (11th Cir.1997) (because defendant was in custody, "§ 2255 was his exclusive remedy.")

*Case No: 5:06cv13/RS/MD*

*Wofford*, 177 F.3d 1236, 1244 (11th Cir. 1999); *Darby v. Hawk-Sawyer*, 405 F.3d. 942, 945 (11th Cir. 2005); see also *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Because *Booker* is not retroactively applicable, the savings clause does not apply.

Absent proper application of the savings clause, section 2241 does not provide an additional, alternative or supplemental remedy to 28 U.S.C. §2255 or an additional bite at the proverbial apple. See, e.g., *Wofford, supra; Triestman v. United States,* 124 F.3d 361, 376 (2nd Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The § 2255 remedy is not rendered "inadequate or ineffective" simply because a prior claim under that section has been denied or disallowed, *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001), or because petitioner has been denied permission to file a second or successive § 2255 motion, *see Darby,* 405 F.3d at 945; *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999); *Wofford,* 177 F.3d at 1245; *Davenport*, 147 F.3d at 608, or because a second or successive § 2255 motion has been dismissed, see *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999). Likewise, the fact that petitioner cannot meet the gate-keeping requirements of the Antiterrorism and Effective Death Penalty Act does not open the door to a § 2241 petition. *Jiminian v. Nash*, 245 F.3d 144, 147-48 (2nd Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). And, section 2255 is not inadequate or ineffective merely because the one-year statute of limitations has expired. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3rd Cir. 2002); *Haugh v. Booker*, 210 F.3d 1147 (10th Cir. 2000).

Accordingly it is respectfully RECOMMENDED:

That petitioner's petition for writ of habeas corpus under § 2241 (doc. 1) be summarily denied.

At Pensacola, Florida this 20th day of January, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:06cv13/RS/MD*

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 5:06cv13/RS/MD*